UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KRISTIN DENALFO, as Personal Representative of The Estate of NICHOLAS MARKS,

Plaintiff,

v.

ROCKHILL MANAGEMENT COMPANY, LLC, ROCKPOINT GROUP, LLC, and 100 SUMMER OWNER LLC,

Defendants.

C.A. NO. 1:25-CV-12907-MJJ

ROCKHILL MANAGEMENT COMPANY, LLC, ROCKPOINT GROUP, LLC, and 100 SUMMER OWNER LLC,

Third-Party Plaintiffs,

v.

SKY SAFETY, INC., AMERICAN ANCHOR, INC., and WISS, JANEY, ELSTNER ASSOCIATES, INC.,

Third-Party Defendants.

**AMERICAN ANCHOR, INC.'S ANSWER TO THIRD-PARTY COMPLAINT**

**FIRST DEFENSE**

The third-party complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

American Anchor, Inc. ("Third-Party Defendant") responds to the third-party complaint, paragraph by paragraph, as follows:

## PARTIES

1. The Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the third-party complaint.

2. The Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the third-party complaint.

3. The Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the third-party complaint.

4. The Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the third-party complaint.

5. The Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the third-party complaint.

6. The Third-Party Defendant admits the allegations contained in this paragraph of the third-party complaint.

7. The Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the third-party complaint.

## JURISDICTION

8. The Third-Party Defendant states that this paragraph contains a legal conclusion, as to which no response is required. To the extent a response is required, admitted.

## BACKGROUND

### I. THE PLAINTIFF’S COMPLAINT

9. The Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the third-party complaint.

10. The Third-Party Defendant denies the allegations as phrased in this paragraph and refers the Court to the referenced pleading by the primary plaintiff for a full recitation of its allegations.

11. The Third-Party Defendant denies the allegations as phrased in this paragraph and refers the Court to the referenced pleading by the primary plaintiff for a full recitation of its allegations.

12. The Third-Party Defendant denies the allegations as phrased in this paragraph and refers the Court to the referenced pleading by the primary plaintiff for a full recitation of its allegations.

13. The Third-Party Defendant denies the allegations as phrased in this paragraph and refers the Court to the referenced pleading by the primary plaintiff for a full recitation of its allegations.

14. The Third-Party Defendant denies the allegations as phrased in this paragraph and refers the Court to the referenced pleading by the primary plaintiff for a full recitation of its allegations.

15. The Third-Party Defendant denies the allegations as phrased in this paragraph and refers the Court to the referenced pleading by the primary plaintiff for a full recitation of its allegations.

16. The Third-Party Defendant denies the allegations as phrased in this paragraph and refers the Court to the referenced pleading by the primary plaintiff for a full recitation of its allegations.

17. The Third-Party Defendant denies the allegations as phrased in this paragraph and refers the Court to the referenced pleading by the primary plaintiff for a full recitation of its allegations.

18. The Third-Party Defendant denies the allegations as phrased in this paragraph and refers the Court to the referenced pleading by the primary plaintiff for a full recitation of its allegations.

19. The Third-Party Defendant denies the allegations as phrased in this paragraph and refers the Court to the referenced pleading by the primary plaintiff for a full recitation of its allegations.

20. The Third-Party Defendant denies the allegations as phrased in this paragraph and refers the Court to the referenced pleading by the primary plaintiff for a full recitation of its allegations.

21. The Third-Party Defendant denies the allegations as phrased in this paragraph and refers the Court to the referenced pleading by the primary plaintiff for a full recitation of its allegations.

## II. THE CONTRACT WITH WJE

22. The Third-Party Defendant states that the allegations contained in this paragraph of the third-party complaint are addressed to another third-party defendant and, therefore, no response is required. To the extent a response is required, the Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

23. The Third-Party Defendant states that the allegations contained in this paragraph of the third-party complaint are addressed to another third-party defendant and, therefore, no response is required. To the extent a response is required, the Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

24. The Third-Party Defendant states that the allegations contained in this paragraph of the third-party complaint are addressed to another third-party defendant and, therefore, no response is required. To the extent a response is required, the Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

25. The Third-Party Defendant states that the allegations contained in this paragraph of the third-party complaint are addressed to another third-party defendant and, therefore, no response is required. To the extent a response is required, the Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

26. The Third-Party Defendant states that the allegations contained in this paragraph of the third-party complaint are addressed to another third-party defendant and, therefore, no response is required. To the extent a response is required, the Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

27. The Third-Party Defendant states that the allegations contained in this paragraph of the third-party complaint are addressed to another third-party defendant and, therefore, no response is required. To the extent a response is required, the Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## III. THE CONTRACT WITH SKY SAFETY

28. The Third-Party Defendant states that the allegations contained in this paragraph of the third-party complaint are addressed to another third-party defendant and, therefore, no response is required. To the extent a response is required, the Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

29. The Third-Party Defendant states that the allegations contained in this paragraph of the third-party complaint are addressed to another third-party defendant and, therefore, no response is required. To the extent a response is required, the Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

30. The Third-Party Defendant states that the allegations contained in this paragraph of the third-party complaint are addressed to another third-party defendant and, therefore, no response is required. To the extent a response is required, the Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

31. The Third-Party Defendant states that the allegations contained in this paragraph of the third-party complaint are addressed to another third-party defendant and, therefore, no response is required. To the extent a response is required, the Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

32. The Third-Party Defendant states that the allegations contained in this paragraph of the third-party complaint are addressed to another third-party defendant and, therefore, no response is

required. To the extent a response is required, the Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## IV. THE CONTRACT WITH AMERICAN ANCHOR

33. The Third-Party Defendant admits that it entered into an agreement with 100 Summer Owner, LLC related to inspections at the subject building.

34. The Third-Party Defendant admits that this paragraph of the third-party complaint accurately quotes language from the agreement attached as Exhibit C to the third-party complaint.

35. The Third-Party Defendant admits that this paragraph of the third-party complaint accurately quotes language from the agreement attached as Exhibit C to the third-party complaint.

36. The Third-Party Defendant denies the allegations contained in this paragraph of the third-party complaint.

37. The Third-Party Defendant denies the allegations contained in this paragraph of the third-party complaint.

## COUNT I – BREACH OF CONTRACT (Wiss, Janey, Elstner Associates, Inc.)

38. The Third-Party Defendant repeats, realleges, and incorporates by reference each response stated in paragraphs 1-37 as if fully set forth herein.

39. As the allegations contained in this paragraph of the third-party complaint pertain to another party, no answer is required.

40. As the allegations contained in this paragraph of the third-party complaint pertain to another party, no answer is required.

## COUNT II – INDEMNIFICATION (Wiss, Janey, Elstner Associates, Inc.)

41. The Third-Party Defendant repeats, realleges, and incorporates by reference each response stated in paragraphs 1-40 as if fully set forth herein.

42. As the allegations contained in this paragraph of the third-party complaint pertain to another party, no answer is required.

43. As the allegations contained in this paragraph of the third-party complaint pertain to another party, no answer is required.

**COUNT III – CONTRIBUTION (Wiss, Janey, Elstner Associates, Inc.)**

44. The Third-Party Defendant repeats, realleges, and incorporates by reference each response stated in paragraphs 1-43 as if fully set forth herein.

45. As the allegations contained in this paragraph of the third-party complaint pertain to another party, no answer is required.

46. As the allegations contained in this paragraph of the third-party complaint pertain to another party, no answer is required.

**COUNT IV – BREACH OF CONTRACT (Sky Safety, Inc.)**

47. The Third-Party Defendant repeats, realleges, and incorporates by reference each response stated in paragraphs 1-46 as if fully set forth herein.

48. As the allegations contained in this paragraph of the third-party complaint pertain to another party, no answer is required.

49. As the allegations contained in this paragraph of the third-party complaint pertain to another party, no answer is required.

**COUNT V – INDEMNIFICATION (Sky Safety, Inc.)**

50. The Third-Party Defendant repeats, realleges, and incorporates by reference each response stated in paragraphs 1-49 as if fully set forth herein.

51. As the allegations contained in this paragraph of the third-party complaint pertain to another party, no answer is required.

52. As the allegations contained in this paragraph of the third-party complaint pertain to another party, no answer is required.

**COUNT VI – BREACH OF CONTRACT (American Anchor, Inc.)**

53. The Third-Party Defendant repeats, realleges, and incorporates by reference each response stated in paragraphs 1-52 as if fully set forth herein.

54. The Third-Party Defendant denies the allegations contained in this paragraph of the third-party complaint.

55. The Third-Party Defendant denies the allegations contained in this paragraph of the third-party complaint.

The Third-Party Defendant further denies that the defendants/third-party plaintiffs are entitled to the relief requested in the "Wherefore" clause.

**COUNT VII – INDEMNIFICATION (American Anchor, Inc.)**

56. The Third-Party Defendant repeats, realleges, and incorporates by reference each response stated in paragraphs 1-55 as if fully set forth herein.

57. The Third-Party Defendant denies the allegations contained in this paragraph of the third-party complaint.

58. The Third-Party Defendant denies the allegations contained in this paragraph of the third-party complaint.

The Third-Party Defendant further denies that the defendants/third-party plaintiffs are entitled to the relief requested in the "Wherefore" clause of this count.

**COUNT VIII – CONTRIBUTION (American Anchor, Inc.)**

59. The Third-Party Defendant repeats, realleges, and incorporates by reference each response stated in paragraphs 1-58 as if fully set forth herein.

60. The Third-Party Defendant denies the allegations contained in this paragraph of the third-party complaint.

61. The Third-Party Defendant denies the allegations contained in this paragraph of the third-party complaint.

The Third-Party Defendant further denies that the defendants/third-party plaintiffs are entitled to the relief requested in the "Wherefore" clause of this count.

## THIRD DEFENSE

By way of affirmative defense, the Third-Party Defendant says that if the third-party plaintiffs suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Third-Party Defendant was not and is not legally responsible.

## FOURTH DEFENSE

By way of affirmative defense, the Third-Party Defendant says that the negligence of the third-party plaintiffs was greater than the alleged negligence of the Third-Party Defendant and that such negligence of the third-party plaintiffs contributed to the alleged injury and, therefore, the third-party plaintiff is barred from recovery under M.G.L. Ch. 231, §85.

## FIFTH DEFENSE

By way of affirmative defense, the Third-Party Defendant says that the third-party plaintiffs were guilty of contributory negligence and that the damages, if any, recovered by the third-party plaintiffs from the Third-Party Defendant should be reduced in proportion to the said negligence of the third-party plaintiffs in accordance with M.G.L. Ch. 231, §85.

## SIXTH DEFENSE

By way of affirmative defense, the Third-Party Defendant says that the action is barred, in whole or in part, by the applicable statute of limitations.

## SEVENTH DEFENSE

By way of affirmative defense, the Third-Party Defendant says that the third-party plaintiffs cannot recover for the reason that he failed to give notice to the Third-Party Defendant of the damages allegedly suffered, as required by the statutes of the Commonwealth of Massachusetts.

## EIGHTH DEFENSE

By way of affirmative defense, the Third-Party Defendant says that service of process was insufficient.

**NINTH DEFENSE**

By way of affirmative defense, the Third-Party Defendant says that the third-party plaintiffs released the Third-Party Defendant or its agents from any liability and the third-party plaintiffs are therefore barred from recovery.

**AMERICAN ANCHOR, INC.'S CROSSCLAIMS AGAINST SKY SAFETY, INC. AND WISS, JANEY, ELSTNER ASSOCIATES, INC.**

**PARTIES**

1. American Anchor, Inc., ("American Anchor") is a corporation organized under Massachusetts law with a principal place of business in Taunton, Massachusetts.

2. Upon information and belief, Sky Safety, Inc., ("Sky Safety") is a corporation organized under Massachusetts law with a principal place of business in East Boston, Massachusetts.

3. Upon information and belief, Wiss, Janey, Elstner Associates, Inc., ("WJE") is a corporation under Illinois law with a principal place of business in Northbrook, Illinois.

**FACTS**

4. Upon information and belief, the plaintiff in the above-captioned matter filed a wrongful death claim against the defendants/third-party plaintiffs alleging negligence and/or gross negligence causing the decedent's death.

5. Upon information and belief, Sky Safety was the decedent's employer.

6. Upon information and belief, WJE contracted with 100 Summer Owner, LLC to inspect the subject building's exterior walls.

**COUNT I – CONTRIBUTION (Sky Safety)**

7. American Anchor repeats the allegations contained in paragraphs 1-6 of these crossclaims and incorporates them herein by reference.

8. The negligence of Sky Safety was a substantial and contributing cause to the plaintiff's alleged damages.

9. Sky Safety's negligent actions and/or omissions were the proximate cause of the plaintiff's alleged damages.

10. If it is determined that American Anchor was negligent in this action, which American Anchor expressly denies, then American Anchor is entitled to contribution from Sky Safety as a joint tortfeasor under M.G.L. c. 231B.

WHEREFORE, American Anchor requests that this Court enter judgment against Sky Safety for its pro rata share of the entire liability to the plaintiff, including interest, costs and such other relief as the Court deems just and proper.

**COUNT II – COMMON LAW INDEMNIFICATION (Sky Safety)**

11. American Anchor repeats the allegations contained in paragraphs 1-10 of these crossclaims and incorporates them herein by reference.

12. If the plaintiff suffered damages as alleged, which American Anchor denies, these damages were caused by the negligent acts or omissions of Sky Safety, and American Anchor did not participate in this negligence.

13. The liability of American Anchor, if any, is vicarious and derivative, while the liability of Sky Safety is direct and actual.

WHEREFORE, American Anchor demands judgment against Sky Safety for complete indemnification for any judgment entered against American Anchor, together with its costs and interests.

**COUNT III – CONTRIBUTION (WJE)**

14. American Anchor repeats the allegations contained in paragraphs 1-13 of these crossclaims and incorporates them herein by reference.

15. The negligence of WJE was a substantial and contributing cause to the plaintiff's alleged damages.

16. WJE's negligent actions and/or omissions were the proximate cause of the plaintiff's alleged damages.

17. If it is determined that American Anchor was negligent in this action, which American Anchor expressly denies, then American Anchor is entitled to contribution from WJE as a joint tortfeasor under M.G.L. c. 231B.

WHEREFORE, American Anchor requests that this Court enter judgment against WJE for its pro rata share of the entire liability to the plaintiff, including interest, costs and such other relief as the Court deems just and proper.

**COUNT IV – COMMON LAW INDEMNIFICATION (WJE)**

18. American Anchor repeats the allegations contained in paragraphs 1-17 of these crossclaims and incorporates them herein by reference.

19. If the plaintiff suffered damages as alleged, which American Anchor denies, these damages were caused by the negligent acts or omissions of WJE, and American Anchor did not participate in this negligence.

20. The liability of American Anchor, if any, is vicarious and derivative, while the liability of WJE is direct and actual.

WHEREFORE, American Anchor demands judgment against Sky Safety for complete indemnification for any judgment entered against American Anchor, together with its costs and interests.

**JURY DEMAND**

American Anchor demands a trial by jury as to all issues triable by jury.

Respectfully submitted,

AMERICAN ANCHOR, INC.

By Its Attorney,

/s/ *John P. Knight*

John P. Knight, BBO #631052
jknight@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-342-4889

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 2, 2025.

/s/ *John P. Knight*